**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| DESTINY U. SCRUBB, a U.S. Citizen, | |
|     5942 Concord Blvd<br>    Inver Grove Heights,<br>    MN 55076, | Case No. 1:22-cv-769 |
| LOTACHUKWU FAITH NWEKE, A# 214 859 326,<br>    5942 Concord Blvd<br>    Inver Grove Heights,<br>    MN 55076, | |
|   Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | |
| Serve: Office of the General Counsel<br>    Department of Homeland Security<br>    Mail Stop 3650<br>    Washington, D.C. 20528 | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Serve:  U.S. Citizenship & Immigration<br>    Services<br>    5900 Capital Gateway Dr<br>    Camp Springs, MD 20588 | |
| ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security, | |
| Serve: Office of the General Counsel<br>    Department of Homeland Security<br>    Mail Stop 3650 | |

1

Washington, D.C. 20528

UR MENDOZA JADDOU, Director of the
United States Citizenship and Immigration
Services,

Serve:  U.S. Citizenship & Immigration
          Services
          5900 Capital Gateway Dr
          Camp Springs, MD 20588

and,

KIN MA, Director of the Salt Lake City Field
Office of the United States Citizenship and
Immigration Services,

Serve:  Kin Ma
          USCIS
          660 South 200 East
          Salt Lake City, UT 84111

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' PETITION FOR ALIEN RELATIVE AND APPLICATION TO ADJUST STATUS

Plaintiffs Destiny U. Scrubb and Lotachukwu Faith Nweke respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' I-130 petition for alien relative and I-485 application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed applications.

### PARTIES

1. Plaintiff Destiny U. Scrubb is a citizen of the United States.

2. Plaintiff Lotachukwu Faith Nweke is a citizen of Nigeria.

3.      Lotachukwu Faith Nweke is the spouse of Destiny U. Scrubb.

4.      Plaintiffs reside in Inver Grove Heights, MN.

5.      Destiny U. Scrubb filed an I-130 Petition for Alien Relative on behalf of Lotachukwu Faith Nweke on or about April 17, 2018.  The Receipt Number is MSC1890963653. The couple filed an accompanying I-485 Application for Adjustment of Status on Lotachukwu Faith Nweke's behalf on that same date as well.   Defendants assigned Receipt Number MSC1890963652 to Lotachukwu Faith Nweke's I-485 case.

6.      The United States Citizenship and Immigration Services completed the fingerprinting and photographing of Lotachukwu Faith Nweke as part of the processing of the pending applications.

7.      Defendants conducted an interview on the couple's I-130 application and the corresponding I-485 application for adjustment of status on August 1, 2019. Plaintiffs offered additional supporting documents at the interview but the officer who conducted it, said that they were not needed.

8.      On September 15, 2020, Destiny U. Scrubb allegedly received a call from Mr. Walker D. Strong, Salt Lake City Field Office supervisor. She was asked questions about her marriage to Lotachukwu Faith Nweke. Destiny U. Scrubb answered all the questions. The Supervisor requested that Plaintiffs email him supporting documents to prove their marriage since their original petition did not contain enough supporting documents. He also mentioned that the agency would likely reach a decision within six months.

9.      Since then, the Defendants have taken no action on the pending applications.

10.      Since Lotachukwu Faith Nweke and Destiny U. Scrubb filed the applications with the United States Citizenship and Immigration Services, they have made repeated requests to have their case finally adjudicated.

11.     Despite numerous calls to the United States Citizenship and Immigration Services, and their attempts to prompt movement on the case, Plaintiffs' applications have remained pending far longer than is reasonable.

12.      The United States Citizenship and Immigration Services has refused to adjudicate Plaintiffs' applications in accordance with applicable legal criteria.

13.     Plaintiffs bring this action to compel the United States Citizenship and Immigration Services to finally adjudicate the pending applications as required by law.

14.     Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the United States Citizenship and Immigration Services with background and security checks.

15.     Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

16.     Defendant Alejandro Mayorkas, the Secretary of the DHS, is the highest ranking official within the DHS. Mayorkas, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Mayorkas is sued in an official capacity as an agent of the government of the United States.

17.     Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official within the USCIS.  Jaddou is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Jaddou is sued in an official capacity as an agent of the government of the United States.

18.     Defendant Kin Ma is the Director of the Salt Lake City Field Office of the USCIS and is sued only in an official capacity, as well as any successors and assigns. The Director of the Salt Lake City Field Office of the USCIS has jurisdiction over I-130 petitions and I-485 applications and is the office that conducted the interview on Plaintiffs' case. Ma is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Kin Ma is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

19.     This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

20.     Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiffs allege and state as follows:

21.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

22.     The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to

5

conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

23.     The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

24.     Plaintiffs allege that the applications have been in administrative processing beyond a reasonable time period for completing administrative processing of the applications.

25.     The combined delay and failure to act on Plaintiffs' applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

26.     There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

27.     Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments. Furthermore, Plaintiffs have sent letters to Congressmen Chris Stewart and Burgess Owens. All to no avail

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For the second claim for relief against all Defendants, Plaintiffs allege and state as follows:

28.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

29.     The right to fundamental fairness in administrative adjudication is protected by

the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

30.     The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

31.     The combined delay and failure to act by Defendants has irrevocably harmed Lotachukwu Faith Nweke in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways. Lotachukwu Faith Nweke can't travel abroad while his application is pending, so Plaintiffs have been unable to have a traditional wedding ceremony in Nigeria and celebrate their marriage with their families in Lotachukwu Faith Nweke's home country.

32.     Destiny U. Scrubb, worked as flight attendant from April 2019 to January 2020. During that time, she had to establish a residence in the Minneapolis–Saint Paul area for the airline shuttle pickup and drop-off. Plaintiffs agreed at the time that Lotachukwu Faith Nweke would continue living at the couple's residence in Salt Lake City while awaiting their interview so as not to delay the case if they changed addresses.

33.     In July 2020 at the end of the couple's Salt Lake City apartment Lease, Plaintiffs decided to move to the Twin Cities area, where Destiny U. Scrubb had started to work at another company, and they believed they would have a better quality of life. Their plans were delayed both by lockdowns due to the COVID-19 pandemic, and by the social protests that took place at the time.

34.     In September 2020 Destiny U. Scrubb was informed by a USCIS supervisor that the case would likely be adjudicated within six months. Plaintiffs again decided to postpone their moving together to Minnesota until the case was adjudicated. This caused prolonged unintended

separation between Lotachukwu Faith Nweke and Destiny U. Scrubb. Lotachukwu Faith Nweke finally moved to Minnesota in February 2022.

35.     Furthermore, Lotachukwu Faith Nweke is an IT Engineer who owns a successful business. However, due to the delay in the processing of his applications, and the uncertainty experienced by Plaintiffs because of this, he has been unable to expand his business and advance his professional career.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Destiny U. Scrubb and Lotachukwu Faith Nweke request the following relief:

1.     That this Honorable Court assume jurisdiction over this action;

2.     That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Plaintiffs' I-130 Petition and I-485 application, within sixty days;

3.     That this Honorable Court take jurisdiction of this matter and adjudicate Plaintiffs' I-130 Petition and I-485 application pursuant to this Court's declaratory judgment authority;

4.      That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Lotachukwu Faith Nweke;

5.     That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the I-130 petition and I-485 application;

6.     Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7.     Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**March 21, 2022**


***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFFS**
**DESTINY U. SCRUBB**
**LOTACHUKWU FAITH NWEKE**